## John T. Parker v. Sarah Wilson et al.

1. DRAINAGE—*Parol Licenses.*—A parol license for the construction of a ditch, under the act of 1889, is not within the statute of frauds.

2. INJUNCTIONS—*Drains and Drainage.*—Where a drain is constructed by license under the act of 1889 an injunction will lie to prevent the owner of the land from interfering with it without the consent of all parties concerned.

3. DAMAGES—*By Ditches Constructed by License.*—Where damage is done by the water of a ditch constructed by agreement of land owners under the act of 1889, and such agreement fails to provide for such a contingency, the owner of the lands damaged is without a remedy.

**Injunction.**—Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed June 1, 1896.

D. W. PARKER, attorney for appellant.

ORLANDO BARTLETT, attorney for appellees.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree requiring appellant to restore tile taken up by him, and to remove the earth from an open ditch filled up by him, and enjoining him from thereafter interfering with the same as a drain from appellees' lands.

It was shown that James Wilson and appellant owned for many years adjoining lands. There was a highway on the line between them. There was a pond on Wilson's land, and appellant's land was lower and in the direction of the natural drainage. Each party made and maintained an open ditch on his land by plowing and scraping it out as an outlet for the water which passed along the ditch and through a culvert in the road. By this means the water in the pond was lowered, but the pond was not entirely drained. In the fall of 1890, a son of James Wilson, at the instance of his father, went to appellant to make an arrangement to drain the pond by laying tile on appellant's land to a low place along the line of the open ditch where there had been a well which had been filled up. Appellant consented, and paid for the tile, and Wilson hauled the tile and put them in. In the fall of 1893, appellant found that the water from the tile had washed the open ditch below to a depth of two feet and about ten feet wide, and was dissatisfied with that result. He commenced taking up the eight inch tile and substituting four inch tile. This suit followed, and appellant afterward filled up the open ditch below the tile and planted it in corn with the rest of the field.

It is claimed that appellant's consent or agreement was conditional, and that the condition was that the tile should not do him any harm. The evidence justified the court, in our opinion, in the finding that there was no such condition.

The second claim is that the license only extended as far as the tile was laid, and that there was no agreement that the water might flow from the end of the tiling across appellant's land, and therefore he could shut up the outlet. The open ditch existed from the end of the tiling when it was laid, and it is clear that the understanding was that the title would discharge water into it, which would be conducted by that means across appellant's land. The act concerning ditches constructed by license, in force July 1, 1889, prohibited appellant from filling it up or in any manner interfering with it, without the consent of all the parties to the arrangement. 3 Starr & Curtis' Stat. 475.

Parker v. Wilson.

Appellant filed an amendment to his answer claiming the benefit of the statute of frauds, and it is argued that the license in question, not being in writing, was within the statute. This contention is met by the act of 1889 above referred to, which provides that such license, consent or agreement need not be in writing but may be verbal, and may be inferred from the acquiescence of the parties in the construction of such drain.

It is said that the tile extended beyond the pond which was to be drained, but the evidence shows the contrary.

Appellees are owners of the lands of said James Wilson, who died since the making of the agreement and construction of the drain, and devised the lands to them. We see no error in the record and the decree is affirmed.

OPINION PER CURIAM.

Petition for rehearing claims that this court did not notice appellant's claim for damages, resulting to him by reason of the water flowing out of appellees' eight inch tile into the open ditch on his land, washing the open ditch deeper and wider and thereby damaging his land.

As to that matter we were and are of the opinion that by not providing for such a contingency in the contract under which appellees' tile was laid, appellant can not set up such a claim.

It was not agreed appellees should ever pay any damages resulting from the laying of the tile.

If the damage was unforeseen, it is appellant's misfortune in not providing against it.

Appellant now asks the court to so modify the decree or send the case back to the Circuit Court with directions so to modify it, as to allow him to furnish appellees an outlet for the flow of the water through his tile as originally laid on appellant's land and before taken up by him.

We see nothing unreasonable in this; all appellees can ask is a sufficient outlet for the water flowing through the eight inch tile.

This court then orders and adjudges that the decree of the Circuit Court be modified as follows:

It is adjudged and decreed that the said John T. Parker immediately restore the said eight inch tile and open ditch to its former state of usefulness and permit the waters to flow therein as they did flow before said tile was taken up and said open ditch filled in, or, that appellant connect an eight inch tile with appellees' tile, after the same is restored, and carry the same through the course of the open ditch with sufficient fall to give appellees' tile as good an outlet as it had before it was disturbed, or as it had when first laid, and that said last named tile be carried to a complete outlet as good as the ditch had, so as to afford appellees an outlet for their water as good as the open ditch afforded before it was filled up and the tile taken up, and that when such tile is completed appellant may fill up the earth over said tile. It is further ordered that the appellant pay all the costs in this court.

The decree of the court below is affirmed with the exception as above modified.